```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA    :
                            :
     v.                     : Crim. No. 3:08-cr-00177 (AWT)
                            :
MICHAEL RUDKIN              :
```

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

For the reasons set forth below, defendant Michael Rudkin's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act (ECF Nos. 58 and 55) is hereby DENIED.

Defendant Michael Rudkin states in support of his motion that his medical conditions include "heart failure, thyroid failure, high cholesterol and seizures". Supporting Mem. (ECF No. 58-1) at 1. He contends that these medical conditions, in conjunction with "the growing COVID-19 pandemic, which has made the defendant's sentence much more punitive than intended" makes appropriate a reduction in his sentence. Id.

In June 2009, the defendant was sentenced in this case to 15 years of imprisonment for an attempt to have his then-wife killed. See Gov't's Opposition (ECF No. 60) at 1. "A year later, while serving his Connecticut sentence at a federal facility in Florida, Mr. Rudkin solicited two inmates there to murder his ex-wife, her boyfriend, the inmate who had cooperated

in the Connecticut matter, and the federal agent who had investigated his Connecticut case." Id.  Consequently, he was charged in a second federal case and "[f]ollowing a trial, the Florida federal court sentenced Mr. Rudkin to a total sentence of 90 years, to run consecutively to the Connecticut sentence." Id.

Section 3582(c)(1)(A) of Title 18 of the United States Code requires as an initial matter that:

> the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A).  Assuming a defendant has exhausted administrative remedies, a court may reduce a term of imprisonment under Section 3582(c)(1)(A)(i) if, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission".  18 U.S.C. § 3582(c)(1)(A)(i).

It is undisputed that the defendant has satisfied the requirement with respect to exhaustion of administrative remedies.  However, the defendant's motion is being denied for two reasons.

2

First, the defendant's medical records indicate that the Bureau of Prisons administered to him the first dose of the COVID-19 vaccine produced by Pfizer on January 19, 2021.

> Evidence that a defendant has been offered the vaccine, whether he accepts it or not, demonstrates that he had the ability and opportunity to take measures to markedly reduce his risk of severe illness or death from COVID-19 while incarcerated.

United States v. Poupart, No. 3:11CR116 (JBA), 2021 WL917067, at *1 (D. Conn. Mar. 10, 2021).  Consequently, the fact that the defendant has been vaccinated means that his medical conditions no longer support a conclusion that the more severe illness or death from COVID-19 presents an extraordinary and compelling reason warranting reduction of his sentence.

Second, the court agrees with the government that "[h]ere, the section 3553(a) factors weigh overwhelmingly against granting relief.  Mr. Rudkin's crime——soliciting someone to have his wife murdered——is among the most serious prosecuted in this Court.  Mr. Rudkin's conduct included the sexual abuse of a FCI Danbury inmate, which exacerbates the seriousness of the offense."  Gov't's Opposition at 13.  Any reduction of the defendant's sentence runs counter for the need for the sentence in this case to reflect the seriousness of the offense and provide just punishment.  Moreover, any reduction would also run counter to the need to protect the public from the defendant.

3

The government accurately summarizes the situation with respect to that concern as to this defendant:

> In addition, given Mr. Rudkin's subsequent conviction in the Middle District of Florida *for the exact same conduct*, this Court should consider the need to protect the public (including the intended victims in the Connecticut case and the Florida case) from Mr. Rudkin. This Court should be mindful that the 15-year sentence imposed by Judge Burns did nothing to deter Mr. Rudkin from violating the law again. Indeed, Mr. Rudkin escalated his conduct after the Connecticut sentence was imposed, attempting to have *additional* people murdered.

Id.

It is so ordered.

Signed this 25th day of May 2021 at Hartford, Connecticut.

                                          /s/AWT
                                    Alvin W. Thompson
                          United States District Judge